# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **KH OUTDOOR, L.L.C.,** ) | |
| ) | |
| **Plaintiff,** ) | **CIVIL ACTION NO. CV-03-HS-3278-S** |
| ) | |
| **v.** ) | |
| ) | |
| **CITY OF TRUSSVILLE,** ) | |
| **ALABAMA,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are: (1) Plaintiff's Motion for Attorney's Fees (doc. 76); and (2) Defendant's Motion to Stay (doc. 81). These motions have been briefed extensively and are ripe for review. For the reasons stated, Plaintiff's Motion for Attorney's Fees is **DENIED** without prejudice to refile in accordance with this Order. Defendant's Motion to Stay is **TERMED** as moot.

A civil rights plaintiff who proves to be a "prevailing party" is eligible to receive attorney's fees under 42 U.S.C.A. § 1988. In the instant case, Plaintiff received a nominal damages award and injunctive relief. "[A] plaintiff who wins nominal damages is a prevailing party under § 1988." *Farrar v. Hobby*, 506 U.S. 103, 112, 113 S.Ct. 566, 575 (1992). Accordingly, Plaintiff is a "prevailing party"

for purposes of § 1988.

Plaintiff requests that the court enter an award of $65,028.00 in fees and $1,428.86 in costs[1] or, in the alternative, $70,911.50 in fees and 1,428.86 in costs.[2] Such an award would be improper and unjust in this case.

"In some circumstances, even a plaintiff who formally 'prevails' under § 1988 should receive no attorney's fees at all. A plaintiff who seeks compensatory damages but receives no more than nominal damages is often such a prevailing party." *Farrar*, 506 U.S. at 115. In addition, where a plaintiff who has enjoyed only limited success, such as the plaintiff to this action, the award of attorney's fees based on the hours spent on the litigation as a whole multiplied by a reasonable hourly rate "may be an excessive amount." *Farrar*, 506 U.S. at 114 (quoting *Hensley v. Eckerhart*, 431 U.S. 424, 436, 103 S.Ct. 1933, 1941 (1983)). The court has a "central responsibility to make the assessment of what is a reasonable fee under the circumstances of the case." *Farrar*, 506 U.S. at 115 (quoting *Blanchard v. Bergeron*, 489 U.S. 87, 96, 109 S.Ct. 939, 946 (1989)) (internal marks omitted). "[T]he court may lawfully award low fees or no fees" as long as the award or lack thereof is reasonable. *Id.*

---

[1]These amounts represent the total fees and costs incurred by Plaintiff in pursuit of this action

[2]These amounts represent the actual hours expended multiplied by the current rates of the attorneys and paralegal involved as well as actual costs incurred by Plaintiff.

Pursuant to the direction articulated in *Farrar*, the court finds that the attorney's fees requested by Plaintiff, as compensation for the cost of the litigation as a whole, are unreasonable considering the level of success Plaintiff enjoyed in this action. The court grants Plaintiff leave to file a motion for attorney's fees in which the amount demanded is proportional to the work actually spent on Plaintiff's successful claims. Such a motion will not be granted as a matter of course but will be reviewed under the standards articulated herein.

**DONE** and **ORDERED** this 22nd day of May, 2006.

*/s/ VEHopkins*

**VIRGINIA EMERSON HOPKINS**
United States District Judge
